**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| HAROLD MORRIS,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ELLER,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-CV-43-KAC-CRW |

**MEMORANDUM AND ORDER**

Petitioner, a state prisoner, initially filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 8]. Thereafter, however, Petitioner paid the filing fee. Because Petitioner paid the filing fee, the Court **DENIES** his motion for leave to proceed *in forma pauperis* [Doc. 8] **as moot**.

The Court now reviews the Petition to determine whether the Court should summarily dismiss the petition. *See* Rules Governing § 2254 Cases, Rule 4 (providing that the Court must dismiss a Petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.") (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). Because Petitioner failed to exhaust his available state court remedies before filing the Petition, the Court **DENIES** the Petition **without prejudice** and **DISMISSES** this action.

Before a federal court may grant habeas relief to a state prisoner, the petitioner must have exhausted his available state court remedies for each claim. 28 U.S.C. §2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, "state prisoners must

give the state courts one full opportunity to resolve any constitutional issues by invoking one completed round of the State's established appellate review process." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Boerckel*, 526 U.S. at 845). In Tennessee, presentation of each claim to the Tennessee Court of Criminal Appeals ("TCCA") satisfies this requirement. *See* Tenn. S. Ct. R. 39.

Petitioner bears the burden of showing that he exhausted his state-court remedies. *Page v. Holloway*, No. 3:25-CV-326, 2025 WL 2315424, at *2 (M.D. Tenn. July 28, 2025) (dismissing Section 2254 petition where the petitioner's filings indicated that he had a pending appeal with the TCCA, and the TCCA records confirmed this) (citing *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012)). Because Section 2254 requires exhaustion, this Court has the "authority to raise and consider the issue of exhaustion *sua sponte*[.]" *See Clinkscale*, 375 F.3d at 436 (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)).

Petitioner's Petition, signed on February 10, 2026, includes a copy of the post-conviction court's January 22, 2026 order denying Petitioner's post-conviction petition [Doc. 1 at 7; Doc. 1-2 at 1-14]. When Petitioner filed this action, he still had time to file an appeal of the denial of his post-conviction petition. *See* Tenn. R. App. P. 4(a). And the Court's review of publicly available court records confirms that Petitioner did subsequently file an appeal of the order denying his post-conviction petition, and that appeal is still pending before the TCCA. *See* Tenn. State Courts, *Appellate Case Search*, https://pch.tncourts.gov/ (search by Case No. "E2026-00378-CCA-MR3-PC").[1]

[1] The Court may take judicial notice of the TCCA's publicly-available court records. *See* Fed. R. Evid. 201(b)(2).

So, it is clear from the Petition and the judicially-noticeable court records that Petitioner had not exhausted his available state court remedies before he filed the Petition. Therefore, the Petition is premature and improper. And Petitioner has not shown that he exhausted his available state court remedies. In fact, he is in the midst of that process right now. Accordingly, the Court **DENIES** the Petition **without prejudice** and **DISMISSES** this action.

Because this ruling constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability" (COA). *See* Rules Governing § 2254 Cases, Rule 11(a). A COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claims, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A reasonable jurist would not debate the Court's procedural ruling, **so no COA shall issue**. **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge